```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MARTIN E. COLE,**

                        **Petitioner,**

       **v.**                                      **CASE NO. 21-3124-SAC**

**STATE OF KANSAS,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus (Doc. 3). The Court grants Petitioner's motion for leave to proceed in forma pauperis (Doc. 1).

Petitioner is in pretrial custody at Sedgwick County Correctional Center and he asserts that he is being unlawfully detained, he is facing undue intimidation, and he is being denied effective assistance of counsel. He asks the Court to "close the account" under that case number and order his immediate release.

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An exhibit attached to the petition shows that Petitioner was

charged in Sedgwick County District Court case number 2020-CR-001249-FE. Although § 2241 may be an appropriate avenue to challenge pretrial detention, see *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921,924 (10th Cir. 2008), principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

Under *Younger*, federal courts must abstain from exercising jurisdiction when the following conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (2019). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (1999)).

Even liberally construing the petition in this case, as is appropriate since Petitioner is proceeding pro se, it appears that all three conditions are met in this case. Petitioner is therefore directed to show good cause why this matter should not be summarily dismissed without prejudice. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 1) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **June 18, 2021, t**o show good cause why the petition should not be dismissed without prejudice pursuant to the *Younger* doctrine.

**IT IS SO ORDERED.**

DATED:  This 27th day of May, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge