IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARTIN E. COLE,**

        **Petitioner,**

v.                              CASE NO. 21-3124-SAC

**STATE OF KANSAS,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus (Doc. 1). Petitioner seeks immediate release from the Sedgwick County Correctional Center where he is awaiting criminal trial. (Doc. 3, p. 1-2.)

Requests for pretrial habeas corpus relief are disfavored. *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918. The *Younger* doctrine prevents federal courts from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971); (Doc. 5). Abstention under *Younger* is mandatory when (1) there is an ongoing state criminal proceeding; (2) the state court provides an adequate forum to hear the claims raised in the petition; and (3) the state proceedings involve important state interests traditionally resolved by state law and state policies. *See Winn v. Cook*, 945 F.3d 1253, 1258 (2019) (identifying the three conditions as warranting *Younger* abstention); *Brown ex rel. Brown v. Day*, 555

1

F.3d 882, 888 (2009)(noting abstention is nondiscretionary when the three conditions coexist).

Even liberally construing the pro se petition, all three conditions appear to be met. First, the detention Petitioner challenges is due to ongoing state criminal proceedings. Second, the state court is an adequate forum for Petitioner to litigate his claims through pretrial proceedings, trial, and, if he is convicted, direct appeal and postconviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("'[F]ederal courts should abstain . . . if the issues raised . . . may be resolved either by trial on the merits in state court or by other [available] state procedures.'" (citation omitted)). Third, Kansas has an important interest in enforcing its criminal laws through criminal proceedings in the state court. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007).

Thus, on May 27, 2021, the Court issued an order directing Petitioner to show good cause within 20 days why his petition should not be dismissed without prejudice under the *Younger* doctrine. It advised that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice." More than 20 days have passed since the Court's order and Petitioner has not filed any response.

The Court will therefore dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2

**IT IS THEREFORE ORDERD** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge