IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN E. COLE,

                Petitioner,

      v.                                                                           CASE NO. 21-3124-SAC

STATE OF KANSAS,

                Respondent.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for writ of habeas corpus (Doc. 1). Petitioner seeks immediate release from the Sedgwick County Correctional Center where he is awaiting criminal trial. (Doc. 3, at 1–2.) On May 27, 2021, the Court entered a Memorandum and Order (Doc. 5) granting Petitioner until June 18, 2021, in which to show good cause why his Petition should not be dismissed without prejudice pursuant to the *Younger* doctrine. On June 23, 2021, the Court entered a Memorandum and Order dismissing the Petition without prejudice. (Doc. 6.) After the dismissal, the Court received an untimely response from Petitioner. (Doc. 8.)

Petitioner's late-filed response does not show good cause why his Petition should not be dismissed. The *Younger* doctrine prevents federal courts from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971); (Doc. 5).

The Court found that even liberally construing the pro se Petition, *Younger* abstention was mandatory. Thus, the Court issued an order directing Petitioner to show good cause why his Petition should not be dismissed without prejudice under the *Younger* doctrine. It advised that "[t]he failure to file a timely response will result in this matter being dismissed without further prior

1

notice to Petitioner." (Doc. 5, at 2.)

In his response, Petitioner argues that he is suffering irreparable injury by being detained during his criminal case. He states that his preliminary hearing in his state criminal case has been continued. However, Petitioner has not shown good cause why this Court should not abstain under the *Younger* doctrine. Abstention under *Younger* is mandatory when (1) there is an ongoing state criminal proceeding; (2) the state court provides an adequate forum to hear the claims raised in the petition; and (3) the state proceedings involve important state interests traditionally resolved by state law and state policies. *See Winn v. Cook*, 945 F.3d 1253, 1258 (2019) (identifying the three conditions as warranting *Younger* abstention); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (2009) (noting abstention is nondiscretionary when the three conditions coexist). Therefore, the Court's dismissal of the Petition without prejudice stands and this case remains closed.

**IT IS THEREFORE ORDERD** that despite Petitioner's late-filed response, the Court's dismissal of the Petition without prejudice stands. This case remains closed.

**IT IS SO ORDERED.**

**Dated June 25, 2021, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**